Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VI**

| | | |
|---|---|---|
| Luz N. González Colón Nelson Quintana Matos Cinderella Nursery Day Care<br><br>Recurrente<br><br>vs.<br><br>Departamento de la Familia<br><br>Recurrida | TA2025RA00331 | **REVISIÓN ADMINISTRATIVA** procedente de la Junta Adjudicativa, Depto. de la Familia<br><br>Apelación Núm.: 2019 PCHC 0001ª<br><br>Oficina: ACUDEN<br><br>Sobre Factura al Cobro Programa Child Care ACUDEN |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Rivera Colón, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 18 de noviembre de 2025.

Comparece ante nos, la señora Luz N. González Colón, el señor Nelson Quintana y Cinderella Nursery Day Care Center, Inc. (recurrentes) mediante recurso de revisión administrativa en la que solicita la revocación de la Resolución emitida el 28 de agosto de 2025, por el Departamento de la Familia (recurrido). Por medio de esta, la agencia recurrida confirmó la determinación de cobro por la cantidad de $53,565.21, emitida por la Administración para el Cuidado y Desarrollo Integral de la Niñez (ACUDEN).

Luego de evaluar el escrito del recurrente, así como la evidencia documental anejada al mismo, prescindimos de la comparecencia de la agencia recurrida y procedemos a resolver. Regla 7 (b)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, a la pág. 15, 215 DPR __ (2025).

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable, desestimamos el recurso mediante los fundamentos que expondremos a continuación.

**I.**

El caso ante nos tuvo su génesis el 13 de noviembre de 2018, cuando la ACUDEN emitió una factura de cobro a Cinderella Nursery Day Care, Inc., luego de haber encontrado ciertos hallazgos en incumplimiento del contrato entre la agencia y el centro de cuido.

Posteriormente, el 5 de febrero de 2019, los recurrentes presentaron un recurso de apelación ante la Junta Adjudicativa del Departamento de la Familia, objetando los hallazgos detallados en la factura de cobro.

Luego de varios tramites procesales, los cuales incluyen la celebración de una vista adjudicativa, el 28 de agosto de 2025, el Departamento de la Familia emitió su Resolución.  A través de esta, la agencia acogió el Informe del Oficial Examinador, en la cual confirmó la actuación de la ACUDEN al enviar la factura de cobo por la suma de $53,565.21.

En desacuerdo, el 19 de septiembre de 2025, los recurrentes presentaron una Solicitud de Reconsideración ante la agencia.

Por su parte, el 1 de octubre de 2025, la Junta Adjudicativa declaró No Ha Lugar a su petición.

Inconforme, el 4 de noviembre de 2025, el recurrente acudió ante este foro señalando la comisión de los siguientes errores:

> *Primer Error: Erró la Junta Adjudicativa al confirmar la factura al cobro basándose en un reglamento inaplicable al proveedor de servicios – Reglamento para el Licenciamiento y Supervisión de Hogares de Cuidado-, Reg. Núm. 6474, de 13 de junio de 2002-*

> *Segundo Error: Erró la Junta Adjudicativa al determinar que la Directora necesitaba bachillerato de universidad reconocida como requisito, y que la maestra encargada no tenía bachillerato en educación temprana, elemental o en necesidades especiales.*

*Tercer Error: Erró la Junta Adjudicativa al concluir que ACUDEN actuó correctamente con su determinación de cobro pese a su incumplimiento con el deber de monitorias según el Contrato de Delegación de Fondos.*

## II.

Es norma reiterada que, "la jurisdicción es el poder o la autoridad que posee un tribunal o un organismo administrativo para considerar y decidir casos o controversias con efecto vinculante para las partes". *Muñoz Barrientos v. ELA et al.*, 212 DPR 714, 726 (2023); *Adm. Terrenos v. Ponce Bayland*, 207 DPR 586, 600 (2021). Por su trascendencia, los tribunales ostentamos el deber de examinar nuestra propia jurisdicción, así como aquella del foro de donde procede el recurso ante su consideración. *S.L.G. Szendrey-Ramos v. F. Castillo*, 169 DPR 873, 883 (2007). En ese sentido, el primer factor que corresponde evaluar en toda situación jurídica es el aspecto jurisdiccional. *R&B Power, Inc. v. Junta de Subastas ASG*, 213 DPR 685, 698 (2024); *Torres Alvarado v. Maderas Atiles*, 202 DPR 495, 500 (2019).

En lo concerniente a tales exigencias, "si un tribunal carece de jurisdicción, solo resta así declararlo y desestimar la reclamación sin entrar en los méritos de la controversia". *R&B Power, Inc. v. Junta de Subastas ASG, supra,* a la pág. 698; *Mun. de San Sebastián v. QMC Telecom,* 190 DPR 652, 660 (2014). En tales casos, la Regla 83(B)(1) del Reglamento del Tribunal de Apelaciones, nos otorga la facultad para desestimar el recurso, *motu proprio*, por carecer de jurisdicción para atender el mismo. *In re* Aprob. Enmdas. Reglamento TA, *supra*, a la pág. 115.

La Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico, Ley Núm. 38-2017, 3 LPRA sec. 9601 *et seq.*, se creó a los fine de uniformar los procedimientos administrativos ante las agencias. Ahora bien, es norma conocida que las determinaciones emitidas por las agencias administrativas

están sujetas a un proceso de revisión judicial ante este Tribunal de Apelaciones. *OEG v. Martínez Giraud*, 210 DPR 79, 88 (2022); *AAA v. UIA*, 200 DPR 903, 910 (2018); 4 LPRA sec. 24y. Conforme a ello, la LPAU autoriza expresamente la revisión de las decisiones, órdenes y resoluciones finales de estos organismos. *OEG v. Martínez Giraud, supra*, pág. 88; Secs. 4.1 y 4.6 de la LPAU, 3 LPRA secs. 9671 y 9676, respectivamente.

Cónsono con lo anterior, la Sección 4.2 de la LPAU, 3 LPRA sec. 9672, regula los términos que dispone una parte adversamente afectada por una orden o resolución final de una agencia. A esos efectos, dispone que:

> *Una parte adversamente afectada por una orden o resolución final de una agencia y que haya agotado todos los remedios provistos por la agencia o por el organismo administrativo apelativo correspondiente podrá presentar una solicitud de revisión ante el Tribunal de Apelaciones, **dentro de un término de treinta (30) días contados a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final de la agencia** o a partir de la fecha aplicable de las dispuestas en la Sección 3.15 de esta Ley, cuando el término para solicitar la revisión judicial haya sido interrumpido mediante la presentación oportuna de una moción de reconsideración.*
> [...]
> *Disponiéndose, que si la fecha de archivo en autos de copia de la notificación de la orden o resolución final de la agencia o del organismo administrativo apelativo correspondiente es distinta a la del depósito en el correo de dicha notificación, el término se calculará a partir de la fecha del depósito en el correo. Íd.* (énfasis suplido).

De otra parte, la Sección 3.15 de la LPAU dispone que:

> *La parte adversamente afectada por una resolución u orden parcial o final podrá, dentro del término de veinte (20) días desde la fecha de archivo en autos de la notificación de la resolución u orden, presentar una moción de reconsideración de la resolución u orden. La agencia dentro de los quince (15) días de haberse presentado dicha moción deberá considerarla. Si la rechazare de plano o no actuare dentro de los quince (15) días, el término para solicitar revisión comenzará a correr nuevamente desde que se notifique dicha denegatoria o desde que expiren esos quince (15) días, según sea el caso. Si se tomare alguna determinación en su consideración**, el término para solicitar revisión empezará a contarse desde la fecha en que se archive en autos una copia de la notificación de la***

> ***resolución de la agencia resolviendo definitivamente la moción de reconsideración.*** *3 LPRA sec. 9655* (énfasis suplido).

Por último, es necesario señalar que, la Regla 57 de nuestro Reglamento, *In Re* Aprob. Enmdas. Reglamento TA, *supra,* a la pág. 79, establece que el término para presentar el recurso de revisión es de carácter jurisdiccional. Un término jurisdiccional es de naturaleza improrrogable, lo que significa que no está sujeto a interrupción, sin importar las consecuencias que ello provoque. *Rosario Domínguez v. ELA,* 198 DPR 197, 208 (2017). Por esa razón, los requisitos jurisdiccionales tienen que ejecutarse previo a que el tribunal pueda considerar los méritos de una controversia. Lo anterior quiere decir que el incumplimiento con el término jurisdiccional priva al tribunal de autoridad sobre el asunto que se intenta traer ante su consideración. *Íd.,* a las págs. 208-209.

### III.

Según el trámite procesal previamente discutido, el Departamento de la Familia emitió una Resolución el 28 de agosto de 2025. Disconforme, el 19 de septiembre de 2025, los recurrentes presentaron su Solicitud de Reconsideración ante el Departamento de la Familia. Consecuentemente, el 1 de octubre de 2025, la Junta Adjudicativa declaró No Ha Lugar.

Ahora bien, los recurrentes alegan en su petitorio que, la determinación emitida el 1 de octubre de 2025, se notificó el 2 de octubre de 2025. Lo cierto es que, el documento al cual se hace alusión en su escrito de revisión administrativa únicamente señala que la Resolución en Reconsideración fue "Expedida, y Archivada en autos, hoy 1 de octubre de 2025, en San Juan, Puerto Rico".[1] Es decir, en los documentos ante nuestra consideración no

---

[1] Entrada 1, Apéndice 3 del Sistema Unificado de Manejo y Administración de Casos del Tribunal de Apelaciones (SUMAC TA).

encontramos evidencia que demuestre que la determinación se recibió el 2 de octubre de 2025.

Examinado con sumo cuidado el recurso ante nos, contemplamos que el escrito presentado incumple con el término establecido para la presentación de los recursos de revisión de decisiones administrativas, según dispone la Regla 57 del Reglamento del Tribunal de Apelaciones, *In Re* Aprob. Enmdas. Reglamento TA*, supra,* a la pág. 79. Como mencionamos, la parte adversamente afectada por la resolución final de una agencia posee un término de 30 días para solicitar revisión judicial ante este Foro apelativo, a contarse desde la fecha del archivo en autos de la copia de la notificación de la resolución final. Sección 4.2 de la Ley Núm. 38-2017,*supra.* Ahora bien, este término de 30 días puede interrumpirse mediante la presentación oportuna de una moción de reconsideración. *Íd.* Si la parte adversamente afectada por la resolución final solicita reconsideración, la agencia posee 15 días para considerar el escrito a computarse desde el día en que se presentó el mismo. Sección 3.15 de la Ley Núm. 38-2017, 3 LPRA sec. 9655. Si la agencia determina atender la moción de reconsideración, el término para solicitar revisión comenzará a contarse nuevamente desde la fecha en que se archive en autos copia de la notificación de la resolución resolviendo la solicitud de reconsideración. *Íd.*

Del expediente surge que el archivo en autos de la copia de la notificación de la Resolución en Reconsideración fue el 1 de octubre de 2025. Por lo que los recurrentes tenían hasta el 31 de octubre de 2025, para presentar el recurso de revisión ante este tribunal. No obstante, el mismo se presentó el 4 de noviembre de 2025, por lo que su presentación resulta tardía.

En vista de lo anterior, concluimos que estamos privados de jurisdicción para atender el caso en sus méritos. Por consiguiente,

nos corresponde desestimar el recurso de epígrafe de conformidad con la Regla 83 (B)(1) de nuestro reglamento.

**IV.**

Por los fundamentos expuestos, los que hacemos formar parte de este dictamen, desestimamos el recurso presentado por la señora Luz N. González Colón, el señor Nelson Quintana y Cinderella Nursery Day Care Center, Inc.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones